**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>450 Fifth Street, NW<br>Washington, DC 20530,<br><br>       Plaintiff,<br><br>v.<br><br>KOCH FOODS INCORPORATED<br>1300 W. Higgins Road, Suite 100<br>Park Ridge, IL 60068,<br><br>       Defendant. | Case No. 1:23-cv-15813<br><br>Judge John F. Kness |

**UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM**
**IN SUPPORT OF ENTRY OF FINAL JUDGMENT**
**AND TO VACATE PROCEDURAL ORDER**

Pursuant to Section 2(b)-(h) of the Antitrust Procedures and Penalties Act, 15 U.S.C.

§ 16(b)-(h) ("APPA"), the United States moves the Court (a) to find that entry of the proposed

Final Judgment submitted to the Court on November 9, 2023 (Dkt. 4-2), an updated version of

which the United States submitted by email on February 9, 2024, as specified in the Court's

Standing Order, is in the public interest; (b) to vacate the Minute Order of January 18, 2024,

which set an initial status hearing and related deadlines; and (c) to enter the proposed Final

Judgment between the United States and Koch Foods Incorporated ("Koch"). Koch has

confirmed that this motion is unopposed.

The proposed Final Judgment may be entered at this time without further proceedings if

the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive

Impact Statement ("CIS") filed in this matter on November 17, 2023 (Dkt. 15) explains why

entry of the proposed Final Judgment is in the public interest. The Certificate of Compliance (attached as Exhibit A) certifies that the parties have complied with all applicable provisions of the APPA and that the 60-day statutory public comment period has expired.

## I.     BACKGROUND

On November 9, 2023, the United States filed a civil Complaint against Koch, seeking an adjudication that the provision of a contract termination penalty (the "exit penalty") Koch has imposed on certain farmers producing chickens ("growers") violates Section 1 of the Sherman Act, 15 U.S.C. § 1, and other federal laws. The Complaint alleged that, since 2014, Koch contracts have required many growers to pay Koch an exit penalty if they terminate their contracts with Koch and switch to another processor.  The Complaint further alleged that, since at least 2018, Koch sought to enforce this exit penalty provision through threatened or actual litigation against growers who tried to switch, and Koch collected exit penalties from several growers.  Koch's conduct has deterred growers from leaving Koch and switching to its competitors.

Also on November 9, 2023, the United States filed a proposed Final Judgment (Dkt. 4-2) and submitted to the Court a Stipulation and Order, which was agreed to by Koch. The Stipulation and Order, which was entered by the Court on November 15, 2023 (Dkt. 13), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met.

On November 17, 2023, the United States filed a CIS with the Court (Dkt. 15) describing the events giving rise to the alleged violation and the proposed Final Judgment.

The proposed Final Judgment ensures that Koch has terminated its illegal conduct and prevents recurrence of the same or similar conduct by imposing upon Koch the obligations to

cease all efforts to collect exit penalties, return all exit penalties, repay all affected growers their

"Recoverable Legal Costs" (as defined in the proposed Final Judgment), notify all former or

current Koch growers whose production contract contained an exit penalty that the provision is

of no further force or effect, and refrain from including an exit penalty provision in any chicken

production contracts for the term of the decree.

Entry of the proposed Final Judgment will terminate this action, except that the Court

will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and

to punish violations thereof.

On January 18, 2024, the Court entered a Minute Order setting an initial status hearing

for February 21, 2024, and directing the parties to meet and file a Joint Initial Status Report in

advance of the hearing (Dkt. 20). The United States requests that this Minute Order be vacated

pending the adjudication of this application for final relief in this case.

## II.     COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all

APPA requirements have been satisfied. In particular, the APPA requires a 60-day period for the

submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In

compliance with the APPA, the United States filed the proposed Final Judgment and CIS with

the Court on November 9, 2023 and November 17, 2023, respectively; published the Complaint,

proposed Final Judgment, and CIS in the Federal Register on December 7, 2023 (*see* 88 Fed.

Reg. 85311 (2023)); and caused a summary of the terms of the proposed Final Judgment and

CIS, along with directions for the submission of written comments, to be published in The

Washington Post for seven days from November 23, 2023 to November 30, 2023. The public

comment period has concluded, and the United States did not receive any comments. As required

by 15 U.S.C. § 16(g), on November 17, 2024, Defendant filed with the Court descriptions of any written or oral communications made by or on behalf of Defendant with any officer or employee of the United States concerning the proposed Final Judgment.

## III.    STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

**IV.    ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST**

The United States alleged in its Complaint that the exit penalty that Koch imposed on growers violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and other federal laws. As explained in the CIS, the proposed Final Judgment is designed to remedy the anticompetitive effects of the conduct alleged by the United States by requiring Koch to eliminate the exit penalty provision from Koch's current contracts and omit it from future contracts. The proposed Final Judgment also prohibits Koch from using indirect means to effectively impose an exit penalty through structured loan agreements with growers.  Further, Koch must repay all exit penalties that it has collected and reimburse all Recoverable Legal Costs that growers have incurred as a result of Koch's threatened or filed litigation.

The proposed Final Judgment also prohibits Koch from engaging in any retaliation, intimidation, or harassment of any grower who was involved in any exit penalty dispute or who cooperated with the U.S. Department of Justice or the U.S. Department of Agriculture ("USDA") in their investigations of Koch's exit penalties. Koch must provide authorized representatives of the Antitrust Division of the U.S. Department of Justice or the Packers and Stockyards Division of the USDA (the "PSD") access to Koch's offices and employees, and the proposed Final Judgment imposes other cooperation and reporting requirements on Koch for at least three years after the date of its entry.

By its terms, the proposed Final Judgment will expire seven years from the date of its entry, except that after three years from the date of its entry, the Final Judgment may be terminated upon notice by the United States to the Court and Koch that continuation of the Final Judgment is no longer necessary or in the public interest.

The public, including affected competitors and customers, had the opportunity to

5

comment on the proposed Final Judgment, and no comments were submitted. As explained in the

CIS, entry of the proposed Final Judgment is in the public interest.

## V.      CONCLUSION

For the reasons set forth in this Motion and Memorandum and in the CIS, the United

States respectfully requests that the Court find that the proposed Final Judgment is in the public

interest, vacate the Minute Order of January 18, 2024, and enter the proposed Final Judgment.


Dated: February 9, 2024


Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

/s/ Jack G. Lerner
Jack G. Lerner
U.S. Department of Justice
Antitrust Division
Civil Conduct Task Force
450 Fifth Street NW, Suite 8600
Washington, DC 20530
Tel: 202-227-9295
Fax: 202-616-2441
Email: jack.lerner@usdoj.gov