**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>450 Fifth Street, NW<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>v.<br><br>KOCH FOODS INCORPORATED<br>1300 W. Higgins Road, Suite 100<br>Park Ridge, IL 60068,<br><br>        Defendant. | No. 23-cv-15813<br><br>Judge John F. Kness |

**FINAL JUDGMENT ORDER**

WHEREAS, Plaintiff, the United States of America, filed its Complaint on November 9, 2023, alleging that Defendant Koch Foods Incorporated violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 202(a) of the Packers and Stockyards Act, 7 U.S.C. § 192(a);

AND WHEREAS, the United States and Defendant have consented to the entry of this Final Judgment without the taking of testimony, without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party relating to any issue of fact or law;

AND WHEREAS, Defendant agrees to undertake certain actions and refrain from certain conduct for the purpose of resolving the claims alleged in the Complaint;

AND WHEREAS, Defendant agrees that the relief required by this Final Judgment can and will be made and that Defendant will not later raise a claim of hardship or difficulty as grounds for asking the Court to modify any provision of this Final Judgment.

NOW THEREFORE, it is ORDERED, ADJUDGED, AND DECREED:

## I.      JURISDICTION

The Court has jurisdiction over Defendant and the subject matter of this action. The Complaint states claims upon which relief may be granted against Defendant under Sections 202(a) and 404 of the Packers and Stockyards Act, 7 U.S.C. §§ 192(a), 224, and Section 1 of the Sherman Act, 15 U.S.C. § 1.

## II.     DEFINITIONS

As used in this Final Judgment:

A.      The "Antitrust Division" means the Antitrust Division of the United States Department of Justice.

B.      "Defendant" and "Koch" mean Defendant Koch Foods Incorporated, an Illinois corporation with its headquarters in Park Ridge, Illinois, its successors, assigns, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and its and their owners, operators, directors, officers, managers, agents, representatives, and employees.

C.      "Dispute Resolution Process" means the process that is the sole means for Koch to dispute a Request for Payment in whole or in part. To invoke the Dispute Resolution Process, within 14 calendar days of receipt of the disputed Request for Payment, Koch must: (i) notify the Independent Poultry Grower of the dispute, (ii) explain the basis for Koch's dispute to the Independent Poultry Grower in writing, and (iii) submit the dispute to the Antitrust Division in writing, attaching a copy of Koch's written notification to the Independent Poultry Grower. If

Koch fulfills these requirements, the Antitrust Division will in its sole discretion identify three proposed independent referees, each of whom must be a licensed attorney, to resolve the dispute, give the Independent Poultry Grower and Koch five business days to strike one proposed referee each, and, at the conclusion of that five-day period, either name the remaining proposed referee as the referee or, if more than one of the proposed referees have not been struck, select the referee from among the remaining proposed referees. Koch will bear all fees and costs of the referee regardless of the outcome of the Dispute Resolution Process. The referee will determine whether a hearing is required to resolve the dispute. Koch must provide the Antitrust Division with all documents and information related to the referee proceeding, including any submissions to or communications with the referee, and the Antitrust Division will have the right to attend hearings, if any, in the referee proceeding and to access any transcripts or recordings of such hearings. If the referee so requests, Koch agrees to waive any applicable confidentiality protections for documents, information, and other material Koch provided to the Antitrust Division in connection with the investigation or litigation of this action, whether directly or through a products-of-discovery Civil Investigative Demand to another party in litigation with Defendant, solely for the purpose of allowing the Antitrust Division to share information with the referee. The referee's decision must be final, binding on Koch and Independent Poultry Grower, and enforceable by the Antitrust Division or the Independent Poultry Grower through this Court's contempt power under this Final Judgment. Any objection or challenge to or appeal of the referee's decision may be made only in this case and must be subject to the procedures and standards of review set forth in Federal Rule of Civil Procedure 53(f), except that all factual findings must be reviewed only for clear error. In such case, the making of this Final Judgment must be without prejudice to either the Independent Poultry Grower or Koch in any dispute over

any Request for Payment. *Provided, however,* that the Independent Poultry Grower may opt out of the referee proceeding at any time prior to a determination of the dispute by the referee.

D.      "Including" means including, but not limited to.

E.      "Independent Poultry Grower" means any Person who has entered into a Live Poultry Agreement, including a poultry grower within the meaning of Section 2(a)(8) of the Packers and Stockyards Act, 7 U.S.C. § 182(8).

F.      "Live Poultry Agreement" means any formal or informal agreement or understanding, and any amendment, addendum or renewal of any such agreement or understanding, for the services of an Independent Poultry Grower who raises, grows, or cares for live chickens (including pullets, breeder chickens, by-product chickens, and broilers), including under a poultry growing arrangement within the meaning of Section 2(a)(9) of the Packers and Stockyards Act, 7 U.S.C. § 182(9).

G.      "Loan Agreement" means an agreement in which the Defendant pays a sum of money to or on behalf of an Independent Poultry Grower where the agreement (i) has an original term of five years or less and has not been extended prior to acceleration of the loan by a Termination, (ii) provides that the loan will be forgiven or repaid pro rata annually or more frequently during the original term, with only the outstanding balance of the original loan accelerated and payable upon Termination, (iii) does not impose additional charges for prepayment or Termination, such as a prepayment penalty; (iv) does not provide for the payment of interest on the loan, (v) is for the purpose of facilitating the construction or improvement of one or more poultry houses and/or ancillary facilities, including the purchase of related real estate and/or the purchase and installation of related equipment, and where the value of the poultry houses and/or ancillary facilities, including any related real estate and/or related

equipment, is projected, at the time of the agreement, to meet or exceed the amount of any payment due as a result of the Independent Poultry Grower initiating a Termination of a Live Poultry Agreement with Defendant, and (vi) does not violate the antitrust laws or the Packers and Stockyards Act.

H.      "Person" means any natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institution, governmental unit, or other legal entity.

I.      "Poultry Processor" means any person engaged in the business of obtaining live poultry by purchase or under a Live Poultry Agreement, including a live poultry dealer within the meaning of Section 2(a)(10) of the Packers and Stockyards Act, 7 U.S.C. § 182(10).

J.      "PSD" means the Packers and Stockyards Division of the Agricultural Marketing Service, United States Department of Agriculture ("USDA") and, in the future, any agency within USDA that becomes responsible for live poultry matters under the Packers and Stockyards Act that are currently the responsibility of PSD.

K.      "Recoverable Legal Costs" means all costs that an Independent Poultry Grower has paid or incurred for legal services or court costs in connection with any effort by Defendant to collect a Termination Payment or enforce a Termination Payment Obligation. *Provided, however,* that Recoverable Legal Costs do not include any costs that were advanced, paid, or reimbursed for an Independent Poultry Grower by or on behalf of a Poultry Processor, or its agent, representative, or affiliate.

L.      "Request for Payment" means a written statement, affirmed under penalty of perjury, from an Independent Poultry Grower that (i) requests payment of any Termination Payment or Recoverable Legal Costs and states that none of the requested amount was advanced,

paid, or reimbursed by or on behalf of a Poultry Processor, or its agent, representative, or affiliate; and (ii) attaches invoices or other documents that demonstrate the requested payment amounts were incurred.

M.    "Termination" means termination, cancellation, non-renewal, or expiration and subsequent non-replacement of a Live Poultry Agreement.

N.    "Termination Payment" means anything of value (including money, goods, or services) that an Independent Poultry Grower is required to pay or provide to Defendant or any other person as a result of a Termination. *Provided, however,* that Termination Payments do not include: (a) the return or relinquishment of possession of personal property owned by Defendant such as chickens, medicines, and feed, or any payment of damages, if otherwise permitted under the Live Poultry Agreement, to Defendant based on the Independent Poultry Grower's conversion, abandonment, or destruction of, or actual or imminent harm to, personal property owned by Defendant, or (b) payments under a Loan Agreement.

O.    "Termination Payment Obligation" means any obligation or commitment of an Independent Poultry Grower to make a Termination Payment.[1]

## III.    APPLICABILITY

This Final Judgment applies to Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Final Judgment.

---

[1] For example and without limitation, a Termination Payment Obligation includes any provision in a Live Poultry Agreement in substantially the following form:

> If [Independent Poultry Grower] elects to terminate the [Live Poultry Agreement] during the ... [time period applicable to this New House Incentive Agreement / New House Payment Period], then [Independent Poultry Grower] shall refund Company, within ninety (90) days of its notice of termination to Company, [any / all] payments made by Company [during the previous 12 months] under this .... New House [Incentive / Payment] Agreement ....

## IV.    PROHIBITED CONDUCT

Defendant must not:

A.    Demand, request, collect, or accept any Termination Payment;

B.    Take any steps, including through litigation or the threat of litigation, to demand, request, collect, or accept any Termination Payment or to enforce any Termination Payment Obligation;

C.    Include a Termination Payment Obligation in any Live Poultry Agreement; or

D.    Directly or indirectly, including through any third party, engage in, encourage, or support any retaliation against, or any intimidation or harassment of, any Independent Poultry Grower who is or was a party or witness to any dispute or litigation relating to a Termination Payment or Termination Payment Obligation or who cooperates or has cooperated with PSD or the Antitrust Division with respect to any investigation of Defendant's conduct relating to Termination Payments or Termination Payment Obligations.

## V.    REQUIRED CONDUCT

A.    Within 30 calendar days of entry of this Final Judgment, Defendant must:

1.    Repay all Termination Payments that Defendant has received and has identified to PSD and the Antitrust Division as of the date of entry of this Final Judgment;

2.    Send a written notice, in the form attached as Appendix 1 by regular U.S. mail in an envelope marked from Defendant and with the notice conspicuously on the front, "LEGAL MAIL – IMPORTANT NOTICE" in no less than 26 point type, and, for each Independent Poultry Grower for whom Defendant has an email address, by email with the subject line "IMPORTANT LEGAL NOTICE FROM KOCH FOODS, INC.," to the last known

postal and email addresses of each Independent Poultry Grower providing services to Defendant under a Live Poultry Agreement that contains a Termination Payment Obligation; and

   3. Send a written notice, in the form attached as Appendix 2 by regular U.S. mail in an envelope marked from Defendant and with the notice conspicuously on the front, "LEGAL MAIL – IMPORTANT NOTICE" in no less than 26 point type, and, for each Independent Poultry Grower for whom Defendant has an email address, by email with the subject line "IMPORTANT LEGAL NOTICE FROM KOCH FOODS, INC.," to the last known postal and email addresses of each Independent Poultry Grower who formerly provided services to Defendant under a Live Poultry Agreement that contained a Termination Payment Obligation.

  B. Within 120 calendar days of entry of this Final Judgment, Defendant must:

   1. Repay all Termination Payments not already repaid pursuant to V.A.1 and pay all Recoverable Legal Costs for which Defendant has received a Request for Payment, except those Termination Payments and Recoverable Legal Costs that are subject to the Dispute Resolution Process and not yet resolved; and

   2. Provide a report to PSD and the Antitrust Division, affirmed under penalty of perjury by the CEO, COO, CFO, or other senior Koch officer, that:

    (i) Sets forth (a) the name and address of each Independent Poultry Grower who submitted a Request for Payment and the date the request was submitted, (b) the dollar amount(s) requested in each such Request for Payment, listing separately amounts requested, if any, for Termination Payments and for Recoverable Legal Costs, and (c) the dollar amount(s) paid to each Independent Poultry Grower to whom Defendant made any payment pursuant to this Final Judgment, listing separately the amounts paid, if any, for Termination Payments and for Recoverable Legal Costs;

(ii)     Sets forth, for any Independent Poultry Grower for whom the amount in the Request for Payment in (2)(i)(b) is greater than the amount paid in (2)(i)(c): (a) an explanation of any discrepancies between the amounts requested and the amounts paid, (b) the date Koch provided notice of a dispute to the Request for Payment, if any, (c) an explanation of any Requests for Payment rejected by Koch, (d) the total amounts of Termination Payments and Recoverable Legal Costs that Defendant has paid, and (e) an explanation of the status of any unresolved claim or dispute relating to a Request for Payment, including the date of any upcoming Dispute Resolution Process proceeding; and

(iii)     Certifies that all other requirements of this Final Judgment have been completed by Defendant.

C.     Inform PSD and the Antitrust Division within 30 calendar days of the final resolution of each outstanding claim or dispute identified pursuant to Paragraph V.B.2(ii).

D.     Certify in writing to PSD and the Antitrust Division annually on the anniversary date of the entry of this Final Judgment that Defendant is in compliance with the provisions of this Final Judgment, and the status of each outstanding claim or dispute, if any, relating to a Request for Payment.

E.     Within 14 calendar days of learning of any violation or potential violation of any of the provisions of this Final Judgment, Defendant must:

1.     Promptly take appropriate action to restore compliance with this Final Judgment; and

2.     Provide PSD and the Antitrust Division with a statement describing the violation or potential violation and any steps Defendant has taken to address the violation or potential violation.

F. Defendant must maintain all documents relating to any Dispute Resolution Process or any violation or potential violation of this Final Judgment for the duration of this Final Judgment and must provide all such non-privileged documents to PSD and the Antitrust Division upon request. At the request of either PSD or the Antitrust Division, Defendant must within 30 calendar days of receiving the request furnish to PSD and the Antitrust Division a log of all documents maintained pursuant to this Paragraph V.F, that identifies any such documents for which Defendant claims protection under the attorney-client privilege, the attorney work product doctrine, or any other privilege.

G. PSD and the Antitrust Division, in their sole discretion, may extend each of the time periods set forth in Paragraphs V.A through V.C for a total of up to an additional 120 calendar days. If Defendant seeks an extension, it must make that request to the Antitrust Division in writing at least seven calendar days prior to the expiration of the operable time period.

## VI. COMPLIANCE INSPECTION

A. For the purposes of determining or securing compliance with this Final Judgment or of related orders in this case or of determining whether this Final Judgment should be modified or vacated, upon written request of an authorized representative of PSD or the Antitrust Division, and upon reasonable notice to Defendant, Defendant must permit, from time to time and subject to legally recognized privileges, authorized representatives, including agents retained by PSD or the Antitrust Division:

1. to have access during Defendant's office hours to inspect and copy, or at the option of the requesting agency, to require Defendant to provide electronic copies of all

books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendant relating to compliance with any requirements of this Final Judgment; and

2.  to interview, either informally or on the record, Defendant's officers, employees, or agents relating to compliance with any requirements of this Final Judgment. Each interviewee may, at their option and without coercion, have any counsel of their choosing present. The interviews must be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendant.

B.  Upon the written request of an authorized representative of PSD or the Antitrust Division, Defendant must submit written reports or respond to written interrogatories, under oath if requested, relating to compliance with any requirements of this Final Judgment.

## VII. PUBLIC DISCLOSURE

A.  No information or documents obtained pursuant to any provision in this Final Judgment may be divulged by USDA or the Antitrust Division to any person other than an authorized representative of the executive branch of the United States, except in the course of any Dispute Resolution Process or any legal proceedings to which the United States is a party, including grand-jury proceedings, for the purpose of securing compliance with this Final Judgment, for law enforcement purposes, or as otherwise required by law.

B.  In the event of a request by a third party to the Antitrust Division pursuant to the Freedom of Information Act, 5 U.S.C. § 552, for disclosure of information obtained pursuant to any provision of this Final Judgment, the Antitrust Division will act in accordance with that statute, and the Department of Justice regulations at 28 C.F.R. part 16, including the provision on confidential commercial information, at 28 C.F.R. § 16.7. When submitting information to the Antitrust Division, Defendant should designate the confidential commercial information portions

11

of all applicable documents and information under 28 C.F.R. § 16.7. Designations of confidentiality expire 10 years after submission, "unless the submitter requests and provides justification for a longer designation period." *See* 28 C.F.R. § 16.7(b).

C.     In the event of a request by a third party to USDA pursuant to the Freedom of Information Act, 5 U.S.C. § 552, for disclosure of information obtained pursuant to any provision of this Final Judgment, USDA will act in accordance with that statute, and USDA regulations at 7 C.F.R. part 1, subpart A, including the provision on confidential commercial information, at 7 C.F.R. § 1.8. When submitting information to USDA in connection with the Final Judgment or related orders in this case, Defendant should designate the confidential commercial information portions of all applicable documents and information under 7 C.F.R. § 1.8. Designations of confidentiality expire 10 years after submission, "unless the submitter requests and provides justification for a longer designation period." *See* 7 C.F.R. § 1.8(c).

D.     If at the time that Defendant furnishes information or documents to USDA or the Antitrust Division pursuant to any provision of this Final Judgment, Defendant represents and identifies in writing information or documents for which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Defendant marks each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," USDA or the Antitrust Division must give Defendant 10 calendar days' notice before divulging the material in any legal proceeding (other than a grand jury proceeding).

## VIII.   RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry

out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. ENFORCEMENT OF FINAL JUDGMENT

A.      The United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from the Court. Defendant agrees that in a civil contempt action, a motion to show cause, or a similar action brought by the United States relating to an alleged violation of this Final Judgment, the United States may establish a violation of this Final Judgment and the appropriateness of a remedy therefor by a preponderance of the evidence, and Defendant waives any argument that a different standard of proof should apply.

B.      This Final Judgment should be interpreted to give full effect to the procompetitive purposes of the antitrust laws, to restore the competition the United States alleges was harmed by the challenged conduct, and to end an unfair practice or device in the market for the purchase of the services of Independent Poultry Growers the United States alleges was caused by Defendant's inclusion of Termination Payment Obligations in its Live Poultry Agreements. Defendant agrees that it may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive and fairness principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. In any such interpretation, the terms of this Final Judgment should not be construed against either party as the drafter.

C.      In an enforcement proceeding in which the Court finds that Defendant has violated this Final Judgment, the United States may apply to the Court for an extension of this

Final Judgment, together with other relief that may be appropriate. In connection with a successful effort by the United States to enforce this Final Judgment against Defendant, whether litigated or resolved before litigation, Defendant agrees to reimburse the United States for the fees and expenses of its attorneys, as well as all other costs including experts' fees, incurred in connection with that effort to enforce this Final Judgment, including in the investigation of the potential violation.

D.       For a period of four years following the expiration of this Final Judgment, if the United States has evidence that Defendant violated this Final Judgment before it expired, the United States may file an action against that Defendant in this Court requesting that the Court order: (1) Defendant to comply with the terms of this Final Judgment for an additional term of at least four years following the filing of the enforcement action; (2) all appropriate contempt remedies; (3) additional relief needed to ensure the Defendant complies with the terms of this Final Judgment; and (4) fees or expenses as called for by this Section IX.

## X.       EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment will expire seven years from the date of its entry, except that after three years from the date of its entry, this Final Judgment may be terminated upon notice by the United States to the Court and Defendant that continuation of this Final Judgment is no longer necessary or in the public interest.

## XI.      RESERVATION OF RIGHTS

This Final Judgment terminates only the claims stated in the Complaint against Defendant. This Final Judgment does not in any way affect any other charges or claims that may be filed by the United States. For the avoidance of doubt, the Antitrust Division and the PSD retain all rights to investigate and prosecute, including under the antitrust laws or the Packers and

Stockyards Act, any conduct, practice or device that (1) does not arise from a Termination

Payment or Termination Payment Obligation, or (2) is an aspect of any ranked performance pay

compensation (sometimes described as "tournament") system.

## XII.   NOTICE

For purposes of this Final Judgment, any notice or other communication required to be

filed with or provided to the United States or the Antitrust Division must be sent to the addresses

set forth below (or such other addresses as the United States may specify in writing to

Defendant):

> Chief
> Civil Conduct Task Force
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street
> Washington, DC 20530
> ATRJudgmentCompliance@usdoj.gov;
>
> and the PSD,
>
> Regional Director
> Packers and Stockyards Division – Eastern Regional Office
> United States Department of Agriculture, AMS FTPP
> 75 Ted Turner Drive SW, Suite 230
> Atlanta, GA 30303.

## XIII.   PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the

requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including by making

available to the public copies of this Final Judgment and the Competitive Impact Statement,

public comments thereon, and any response to comments by the United States. Based upon the

record before the Court, which includes the Competitive Impact Statement and, if applicable, any

comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

SO ORDERED in No. 23-cv-15813.

Date: February 12, 2024

JOHN F. KNESS
United States District Judge

# APPENDIX 1

[Koch letterhead]

[Name and address of sender (Koch's Chief Operating Officer)]

[Date of actual mailing and email distribution]

[Name, mailing address, and email of addressee]

Re: Department of Justice's Settlement with Koch Foods, Inc.

Dear [name of Independent Poultry Grower]:

The United States Department of Justice has reached a settlement with Koch Foods that may affect you. Under the agreement, Koch Foods is prohibited from trying to require you to pay a termination payment if you choose to switch to another poultry processor. Also, you may be entitled to compensation if you paid any out-of-pocket expenses as a result of Koch attempting to require a termination payment from you for trying to switch to another poultry processor. **Please read this letter carefully to learn more about your rights under the settlement**.

## <u>The Lawsuit</u>

The Department of Justice sued Koch Foods for seeking to recover payments from growers who tried to switch to other poultry processors. In the lawsuit, the Department of Justice alleged that Koch violated the federal antitrust laws and the Packers and Stockyards Act by requiring growers who tried to switch to another processor to pay back a portion of their new house incentive payments. Koch sued or threatened to sue several growers who did not pay back incentive payments sought by Koch. To resolve the dispute, the Department of Justice entered into a court-approved settlement with Koch. You can find the Department of Justice's complaint and the Court's Order approving the settlement here: [link to the Complaint and Final Judgment]. The Court's Order requires Koch to distribute this notice to growers like yourself.

**Koch Cannot Require You to Pay a Termination Payment for Switching to Another Poultry Processor**

The Court's Order prohibits Koch from requiring you to pay a termination payment when switching to another poultry processor. For example, Koch cannot enforce any provision like the following in a poultry production contract:

> If [Independent Poultry Grower] elects to terminate the [Live Poultry Agreement] during the ... [time period applicable to this New House Incentive Agreement / New House Payment Period], then [Independent Poultry Grower] shall refund Company, within ninety (90) days of its notice of termination to Company, [any / all] payments made by Company [during the previous 12 months] under this .... New House [Incentive / Payment] Agreement ....

You are receiving this notice because you likely have a similar provision in your contract with Koch. Koch also will not include any termination payment obligation in any future poultry contract with you. The Court's Order does not apply to loans Koch provides to a grower, as long as the loan had an original term of five years or less (no extensions), is being forgiven in equal amounts during that original term, and meets certain other conditions specified in the Court's Order.

To be clear, this settlement does not prevent Koch from paying you a new house incentive or any other bonus. Instead, it prevents Koch from trying to recover any of those payments if you terminate your contract with Koch.

**Koch Must Reimburse Out-of-Pocket Costs**

You may be entitled to reimbursement by Koch if you paid any out-of-pocket costs as a result of Koch trying to require you to pay a termination payment when switching to another processor or for threatening to require you to pay a termination payment if you switched to another processor. These reimbursable expenses include (1) any new house incentive payments

that you paid back to Koch when you switched to another processor or (2) attorneys' fees or court costs that you paid as a result of Koch suing or threatening to sue you for switching without paying the termination payment. If you did not pay any out-of-pocket expenses as a result of Koch attempting to require a termination payment from you when you switched processors or if another poultry processor reimbursed you for those expenses, you cannot make a claim and should not return the attached Request for Payment form.

## How to Submit a Request for Payment

To qualify for reimbursement, you must submit a request for payment to Koch that (i) lists the relevant payments you have made (termination payments or recoverable legal costs), (ii) attaches documentation such as invoices that demonstrate you made the payments, (iii) confirms that the payments were not made or reimbursed by or on behalf of another poultry company, and (iv) swears that your claim is accurate under the penalty of perjury. **A suggested Request for Payment form you can use is attached to this notice.** You must submit your request for payment and attached documentation to Koch by email at [Koch email address] or by U.S. mail at [mailing address] no later than [60 days from date of notice].

## What Happens After a Claim Is Submitted?

If Koch does not dispute your request, it will pay your request on or before [stated date that is 120 days after the date of entry of the Final Judgment]. If Koch disputes your request, Koch must notify you within 14 days of receiving your request, explain the basis for the dispute, and submit the dispute to the Department of Justice. The Department of Justice will select an independent referee to resolve the dispute and will contact you, giving you the opportunity to participate in or opt out of the referee proceeding if you prefer. You will not be charged any fee related to this dispute—Koch will bear all fees and costs of the referee.

* * *

The Court's Order itself, rather than the brief description provided in this letter, controls your rights and Koch's obligations. If you have any questions about the Court's Order or how it affects you, please contact me or the Civil Conduct Task Force, U.S. Department of Justice, Antitrust Division, at ATRJudgmentCompliance@usdoj.gov.

Sincerely,

[Sender name, Koch Foods, Inc.]

# **REQUEST FOR PAYMENT**

**Return this form to Koch Foods Inc. by email at [email address] or U.S. mail at [mailing address] NO LATER THAN [stated date that is 60 days from date of notice].**

**SUBMIT THIS FORM ONLY IF YOU INTEND TO FILE A CLAIM FOR PAYMENT**

Pursuant to the Final Judgment dated [date of entry of Final Judgment] in the matter of

*United States v. Koch Foods, Inc.* (N.D. Ill.), I am entitled to payment by Koch Foods, Inc. for

the following amounts:

$_____ **for a Termination Payment**
(Please attach invoices or other documents that demonstrate that you incurred the requested payment amount; if you incurred no Termination Payment, leave blank or enter "zero".)

$_____ **for Recoverable Legal Costs**
(Please attach invoices or other documents that demonstrate that you incurred the requested payment amount; if you incurred no Recoverable Legal Costs, leave blank or enter "zero".)

**(PLEASE READ AND CHECK BOX BELOW)**

☐   I confirm that I have incurred or paid all requested amounts as reflected on the attached invoices or other documents and that none of the requested amounts was paid or reimbursed by or on behalf of a Poultry Processor.

I, _____, under penalty of perjury, do hereby certify that the foregoing information is true and correct.

_____
Signature

_____
Email address (required)

_____
Date

v

[Koch letterhead]

[Name and address of sender (Koch's Chief Operating Officer)]

[Date of actual mailing and email distribution]

[Name, mailing address, and email of addressee]

Re: Department of Justice's Settlement with Koch Foods, Inc.

Dear [name of Independent Poultry Grower]:

The United States Department of Justice has reached a settlement with Koch Foods that may affect you. Under the agreement, you may be entitled to compensation if you paid any out-of-pocket expenses as a result of Koch attempting to require a termination payment from you for trying to switch to another poultry processor. **Please read this letter carefully to learn more about your rights under the settlement**.

## The Lawsuit

The Department of Justice sued Koch Foods for seeking to recover payments from growers who tried to switch to other poultry processors. In the lawsuit, the Department of Justice alleged that Koch violated the federal antitrust laws and the Packers and Stockyards Act by requiring growers who tried to switch to another processor to pay back a portion of their new house incentive payments. Koch sued or threatened to sue several growers who did not pay back incentive payments sought by Koch. To resolve the dispute, the Department of Justice entered into a court-approved settlement with Koch. You can find the Department of Justice's complaint and the Court's Order approving the settlement here: [link to the Complaint and Final Judgment]. The Court's Order requires Koch to distribute this notice to former Koch growers like yourself.

## Koch Must Reimburse Out-of-Pocket Expenses

Although you are no longer a Koch grower, you are receiving this letter because your contract with Koch likely had a provision similar to the following:

> If [Independent Poultry Grower] elects to terminate the [Live Poultry Agreement] during the ... [time period applicable to this New House Incentive Agreement / New House Payment Period], then [Independent Poultry Grower] shall refund Company, within ninety (90) days of its notice of termination to Company, [any / all] payments made by Company [during the previous 12 months] under this .... New House [Incentive / Payment] Agreement ....

**You may be entitled to reimbursement by Koch** if you paid any out-of-pocket costs as a result of Koch trying to require you to pay a termination payment when switching to another processor or for threatening to require you to pay a termination payment if you switched to another processor. These reimbursable expenses include (1) any new house incentive payments that you paid back to Koch when you switched to another processor or (2) attorneys' fees or court costs that you paid as a result of Koch suing or threatening to sue you for switching without paying the termination payment. If you did not pay any out-of-pocket expenses as a result of Koch trying to require you to pay a termination payment when you switched processors or if another poultry processor reimbursed you for those expenses, you cannot make a claim and should not return the attached Request for Payment form.

The Court's Order does not apply to repayment of any loans Koch provided to growers as long as the loan had an original term of five years or less (no extensions), was forgiven in equal amounts during that original term, and met certain other conditions specified in the Court's Order.

.

## How to Submit a Request for Payment

To qualify for reimbursement, you must submit a request for payment to Koch that (i) lists the relevant payments you have made (termination payments or recoverable legal costs), (ii) attaches documentation such as invoices that demonstrate you made the payments, (iii) confirms that the payments were not made or reimbursed by or on behalf of another poultry company, and (iv) swears that your claim is accurate under the penalty of perjury. **A suggested Request for Payment form you can use is attached to this notice.** You must submit your request for payment and attached documentation to Koch by email at [Koch email address] or by U.S. mail at [mailing address] no later than [60 days from date of notice].

## What Happens After a Claim Is Submitted?

If Koch does not dispute your request, it will pay your request on or before [stated date that is 120 days after the date of entry of the Final Judgment]. If Koch disputes your request, Koch must notify you within 14 days of receiving your request, explain the basis for the dispute, and submit the dispute to the Department of Justice. The Department of Justice will select an independent referee to resolve the dispute and will contact you, giving you the opportunity to participate in or opt out of the referee proceeding if you prefer. You will not be charged any fee related to this dispute—Koch will bear all fees and costs of the referee.

## Additional Information About the Order

Besides obligating Koch to repay certain expenses as described above, the Court's Order prohibits Koch from penalizing growers for trying to switch processors.

* * *

The Court's Order itself, rather than the brief description provided in this letter, controls your rights and Koch's obligations. If you have any questions about the Court's Order or how it

affects you, please contact me or the Civil Conduct Task Force, U.S. Department of Justice,

Antitrust Division, at ATRJudgmentCompliance@usdoj.gov.


Sincerely,

[Sender name, Koch Foods, Inc.]

# REQUEST FOR PAYMENT

**Return this form to Koch Foods Inc. by email at [email address] or U.S. mail at [mailing address] NO LATER THAN [stated date that is 60 days from date of notice].**

**SUBMIT THIS FORM ONLY IF YOU INTEND TO FILE A CLAIM FOR PAYMENT**

Pursuant to the Final Judgment dated [date of entry of Final Judgment] in the matter of *United States v. Koch Foods, Inc.* (N.D. Ill.), I am entitled to payment by Koch Foods, Inc. for the following amounts:

$_____ **for a Termination Payment**
(Please attach invoices or other documents that demonstrate that you incurred the requested payment amount; if you incurred no Termination Payment, leave blank or enter "zero".)

$_____ **for Recoverable Legal Costs**
(Please attach invoices or other documents that demonstrate that you incurred the requested payment amount; if you incurred no Recoverable Legal Costs, leave blank or enter "zero".)

**(PLEASE READ AND CHECK BOX BELOW)**

☐  I confirm that I have incurred or paid all requested amounts as reflected on the attached invoices or other documents and that none of the requested amounts was paid or reimbursed by or on behalf of a Poultry Processor.

I, _____, under penalty of perjury, do hereby certify that the foregoing information is true and correct.

_____
Signature

_____
Email address (required)

_____
Date

x